United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC., | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-01520 |
| | § | |
| ANTHONY TUTTOILMONDO, et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

# ORDER

Before the Court is Plaintiff Lakeview Loan Servicing, LLC's ("Plaintiff" or "Lakeview") Motion for Default Judgment against the only remaining defendant, Anthony Tuttoilmondo ("Defendant"). (Doc. No. 29). Defendant has not responded or otherwise appeared in this action. For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

On December 15, 2014, Defendant made, executed, and delivered a Promissory Note to Mid America Mortgage promising to pay $191,468.00 plus interest. (Doc. No. 8, ¶ 8). On the same day, Defendant executed a Deed of Trust to secure the Note with real property ("Property"):

> LOT 34, IN BLOCK 5, OF CHAMPION SPRINGS SECTION FOUR, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN FILM CODE NO. 391059, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

(*Id.* at Ex. 2). Mid America Mortgage then indorsed the Note and assigned it to Lakeview. (*Id.* at ¶ 8). This Property has a street address of 17123 Mountain Crest Drive, Spring, TX 77379. (*Id.* ¶ 9). The Deed of Trust granted Lakeview a lien on the Property in the case of breach. (*Id.*). The Note was later modified by a Loan Modification Agreement. (Promissory Note, Deed of Trust, and Loan Modification Agreement hereinafter collectively, "Loan Agreement") (*Id.* ¶ 11).

Defendant failed to make payments to Lakeview despite Lakeview issuing proper notices of default and describing its intent to accelerate Defendant's indebtedness. (*Id.* ¶ 13). On April 2, 2025, Lakeview filed the instant suit against Tuttoilmondo, Champion Springs Homeowners Association, Inc. ("Champion Springs"), and the United States Secretary of Housing and Urban Development ("the United States"),[1] requesting a judgment entitling it to the amount chargeable under the Loan Agreement and the right to foreclose upon the lien against the Property securing such amount. (Doc. No. 1, ¶¶ 2-4). Champion Springs and the United States were included as defendants as claimants of interest in the Property. Neither oppose judgment in favor of Lakeview or ordering the Property sold at public sale. (Doc. No. 26; Doc. No. 28).

Despite being served with process, Tuttoilmondo has failed to appear or file any responsive pleading. Lakeview requested the clerk to enter default against Tuttoilmondo pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 20). Clerk's entry of default was entered against Tuttoilmondo on July 28, 2026. (Doc. No. 23). Lakeview filed this Motion for Default Judgment against Tuttoilmondo on September 28, 2026. (Doc. No. 29).

## II. ANALYSIS

When considering whether to enter default judgment, courts in the Fifth Circuit requires the Court to determine: (1) whether the entry of a default judgment is procedurally warranted; (2) whether there is a sufficient basis in the pleadings for the judgment; and (3) how to calculate damages or equitable relief. *Vela v. M&G USA Corp.*, No. 2:17-cv-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). Courts must consider relevant factors including whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable

[1] The United States consented to the substitution of the United States in place of the Secretary. (Doc. No. 28).

neglect, the harshness of the default judgment based on the circumstances, and whether the court would think itself obliged to set aside the default on the [defaulting party's] motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

**A. Default Judgment is Procedurally Warranted.**

First, default judgment is procedurally warranted here. As already stated, Defendant was properly served but did not answer or otherwise respond by the deadline required under the Federal Rules, so the Court granted Plaintiff's request for Entry of Default and the Clerk entered said default. *See* (Doc. Nos. 8, 9, 10, 13). As a result, no material facts are in dispute. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

**B. There is Sufficient Basis for Judgment in the Pleadings.**

Second, the pleadings provide a sufficient basis for entering default judgment. Lakeview alleges breach of the Loan Agreement for failure to make scheduled monthly payments beginning on July 1, 2024. The pleadings establish that Tuttoilmondo executed a Promissory Note on December 15, 2014 secured by a Deed of Trust in the Property at issue. The record includes a copy of this Promissory Note, confirming that Tuttoilmondo was required to repay $191,468.00 with interest on a monthly rate of $941.91. (Doc. No. 29, Ex. B-1). The record also includes the Deed of Trust, confirming that the Loan was secured by a mortgage lien on the Property. (Doc. No. 29, Ex. B-2).

Lakeview is the record assignee of the security interest in the Property as evidenced by the Assignment of Deed of Trust recorded March 20, 2025, as Instrument Number 2025-101006 and included in the record. (Doc. No. 8, Ex. 3). The Loan provided that, in the event of default,

Lakeview could accelerate the debt and foreclose on the Property. (Doc. No. 29, Ex. B-2). After Tuttoilmondo ceased making payments on July 1, 2024, Lakeview notified him of his default on September 5, 2024, and informed him of his right to cure the default by October 10, 2024. (Doc. No. 29, Ex. B-5). As of September 28, 2026, Tuttoilmondo has not cured the default. Tuttoilmondo is not incompetent and is not eligible for relief under the Servicemembers Civil Relief Act, 50 U.S.C. Appendix, ¶ 501 et seq. (Doc. No. 29, Ex. A-1). As a result, Plaintiff has established Tuttoilmondo's liability for breach of the Loan Agreement.

**C. Plaintiff's Requested Relief**

While a defendant's default concedes the truth of a complaint's factual allegations, a plaintiff must still prove damages. *U.S. for the Use of M–Co Constr. v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages are normally not awarded without an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (citations omitted). Here, Plaintiff requests damages that are capable of mathematical calculation, so a hearing is unnecessary.

Plaintiff requests that the Court adjudge that it has a valid lien on the Property and order a judicial foreclosure pursuant to Section 18 of the Loan Agreement and Texas Rules of Civil Procedure 309. Vernon's Ann. Texas Rules Civ. Proc., Rule 309. Plaintiff further requests that the Court adjudge that the United States and Champion Springs have valid liens on the Property and order disbursement of the proceeds of such judicial foreclosure sale after satisfaction of Plaintiff's lien.

Lakeview is entitled to judicial foreclosure pursuant to the Loan Agreement and Texas Rule of Civil Procedure 309 as the holder and beneficiary of the Promissory Note secured by the Deed of Trust. Section 18 of the Deed of Trust states:

> Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorney's fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

(Doc. No. 29, Ex. B-2, § 18). Champion Springs holds a valid lien in the Property pursuant to the FHA Planned Unit Development Rider signed by Tuttoilmondo and recorded in Harris County Public Records. (Doc. No. 29, Ex. B-2). The United States holds a valid lien in the Property a Partial Claim Deed of Trust signed by Tuttoilmondo and recorded in Harris County Public Records. Under Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. *In re Velazquez*, 660 F.3d 893, 895-96 (5th Cir. 2011). While a mortgagor is not automatically liable for attorneys' fees, a mortgagee may recover attorneys' fees if permitted under the relevant contract. *Huston v. U.S. Bank Nat. Ass'n.*, 988 F.Supp.2d 732, 741 (S.D. Tex. 2013).

The current total amount outstanding under the Loan Agreement is $275,559.06 as of October 27, 2026. (Doc. No. 29, Ex. B-6). This includes the remaining principal in the amount of $212,933.60, unpaid interest in the amount of $39,681.11, and escrow shortage in the amount of $22,944.35. (*Id.*). Plaintiffs also request attorney's fees, charges, and costs in the amount of $9,337.69. (*Id.*). Accordingly, the total amount owed to Lakeview is $284,896.75. This amount will continue to accrue interest at a rate of 7.75% per annum each day after October 27, 2026, until

a judgment is entered.[2] (Doc. No. 29, Ex. B, ¶ 12). After a judgment is entered, Plaintiffs request that the post-judgment interest rate be set in accordance with 28 U.S.C. § 1961.

Plaintiff retained Marinosci Law Group, P.C. to represent it in this suit. As the prevailing party and pursuant to Texas law and the Loan Agreement, Lakeview is entitled to an award of its costs, including reasonable attorney's fees. Plaintiff asserts that the total amount of fees, including attorney's fees, charges, and costs is $9,337.69. Included in this figure are the following: (1) "pro rate MIP/PMI" in the amount of $320.28; (2) "total fees" in the amount of $29.00; (3) "total accumulated late charge" fees in the amount of $173.28; and (4) recoverable corporate advance balance in the amount of $8,815.75. (Doc. No. 29, Ex. B-6). The Court finds that these amounts in fees to be reasonable.

**D. *Lindsey* Factors**

Finally, the Court considers the *Lindsey* factors to weigh in favor of default judgment. There are no material issues of fact and the grounds for default are clearly established. Plaintiff has proven that Tuttoilmondo's Loan Agreement was secured by a deed to the Property and that he has been in default on that Loan Agreement for over two years. Further, no fact issues exist regarding the interests Lakeview, Champion Springs, or the United States hold in the Property. As such, Plaintiff is entitled to judicial foreclosure and to recover for Tuttoilmondo's breach of the Loan Agreement. Lakeview supplied Tuttoilmondo notice and opportunity to cure this default two years ago, and he has not. Lakeview instituted these proceedings against Tuttoilmondo in April of 2025, and he has never responded or attempted to defend against the claim. Clerk's entry of default was properly entered against Tuttoilmondo, and Plaintiff is now entitled to default judgment. Thus, there is no substantial prejudice as Tuttoilmondo has had sufficient opportunity to cure or defend

[2] The Court understands this to mean that additional interest and/or payment will be charged to Defendant after this date, thus changing the amount owed.

against the claim. He has not done either. That being the case, the remedy of judicial foreclosure is not harsh and is warranted under the circumstances.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. No. 29) is hereby **GRANTED**. Plaintiff is entitled to enforce its lien through judicial foreclosure, and Champion Springs and the United States are entitled to distribution of the proceeds as appropriate. A separate Judgment in favor of Plaintiff will be entered in the following amounts:

1. $275,559.06 as owed under the Loan Agreement;

2. $9,337.69 in reasonable costs and fees; and

3. Post-judgment interest on the above at a rate of 4.45% per annum. Final judgment will be entered by separate order.

It is so ordered.

Signed on this the 19th day of October, 2026.

Andrew S. Hanen
United States District Judge